USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REITER PETROLEUM, INC.,
                             Plaintiff,

-against-

MAGIC 1 CRUISE LINE CORP.,
                             Defendant.

<u>**ORDER**</u>

09 Civ. 4955 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On January 20, 2009, in a case bearing docket number 09-cv-00197, this Court denied Plaintiff Reiter Petroleum, Inc.'s request for an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions ("Rule B"). In that action, Plaintiff had alleged that Defendant Magic 1 Cruise Line Corp. failed to pay the full amount due for bunkers supplied to Defendant's vessel M/V MIRAGE I, and sought to attach $20,186.40 in damages, inclusive of interest, costs, attorneys' fees, and litigation costs.

        The Court found Plaintiff had not met Rule B's requirements because the Complaint did not allege "enough facts to state a claim to relief that is plausible on its face," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007), and in particular did not show why it was plausible to believe that Defendant's property would be "in the hands of" garnishees in the Southern District of New York at the time the requested writ of attachment was served or during the time that service was effected. The Court's January 20, 2009 order provided that Plaintiff should file an Amended

1

Verified Complaint correcting these deficiencies by January 30, 2009, or show cause why the action should not be dismissed without prejudice.

Plaintiff submitted an Amended Verified Complaint on January 28, 2009. The Amended Verified Complaint included the same "on information and belief" allegations concerning Defendant's property that the Court previously found insufficient. Accordingly, the Court found that Plaintiff had still not met Rule B's requirements and dismissed the case on March 17, 2009.

Plaintiff initiated the instant action on May 27, 2009. The new Verified Complaint concerns the same parties and arises from the same facts. Plaintiff's application for an ex parte order for Process of Maritime Attachment and Garnishment sought to attach funds in the amount of $6,846.40—this time not including the $13,000 in attorney's fees and costs sought in 09-cv-0197. On May 29, 2009 Judge Griesa issued Process of Maritime Attachment and Garnishment for $6,846.40 against all garnishee banks listed in Plaintiff's "Schedule A."

On July 27, 2009 Plaintiff filed an Amended Verified Complaint requesting an increased attachment of $20,186.40, representing an additional $13,000 in projected attorney's fees and costs in an unspecified Canadian arbitration proceeding. Plaintiff listed the same nineteen garnishee banks set forth in the May 29, 2009 Order of Attachment and in the Verified Complaint filed in matter 09-cv-0197.

In its July 27, 2009 submission, Plaintiff offered evidence demonstrating that funds in which Defendant had a property interest were previously routed through a New York, New York branch of HSBC Bank. Accordingly, process of maritime attachment and garnishment will issue as to HSBC Bank. With respect to the other

other proposed garnishees listed in Plaintiff's Amended Complaint, however, Plaintiff has not provided a sufficient factual basis to demonstrate the plausibility of its claim that the Defendant will in fact have property in this District in the hands of these garnishees at the time the requested Rule B order would be served on those garnishees. Accordingly, Plaintiff's renewed request for a Rule B order as to these garnishees will be denied for the reasons set forth in this Court's January 20, 2009 and March 17, 2009 orders issued in matter 09-cv-0197.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is GRANTED as to HSBC Bank but otherwise DENIED without prejudice.

Dated: New York, New York
October 14, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3